1  HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS A. AYALA COLON SUCRES, INC.,

           Plaintiff,

v.

TERAS CARGO TRANSPORT (AMERICA) LLC,

           Defendant.

CASE NO. C17-5123RBL

ORDER GRANTING SUMMARY JUDGMENT

[Dkt. #23]

THIS MATTER is before the Court on Plaintiff Ayala Colon Sucres, Inc.'s Motion for Summary Judgment. [Dkt. #23] "Ayacol" alleges and demonstrates that it provided stevedoring services on the ship *Seattle* to Defendant Teras Cargo Transport (America) LLC, and that Teras did not pay. Ayacol sued for breach of contract (or unjust enrichment), and seeks the agreed upon contract price ($95,108) plus interest costs and fees.

Teras claims that the charterer was actually Teras's principal, Teras Chartering LLC ("TChart") (formerly known as Teras BBC Chartering LLC). All of these Teras group entities are owned by Mr. Sunny Jo Sanders. Teras and Sanders apparently claim that *Teras* never agreed to pay Ayacol for the stevedoring services; the Charterer was actually Tchart. and they claim that TChart in turn intended that if loading the *Seattle* took longer than anticipated, TChart would get

the additional overage it agreed to pay Ayacol, from the US government. It argues there are "genuine issues of material fact" about the contract and its performance, aside from the issues about which Teras entity actually hired Ayacol. *See generally* Sanders Declaration, Dkt. # 26.

Ayacol argues that none of these defenses raise a material issue of fact sufficient to preclude summary judgment—TChart's claimed "intent" about what would happen does alter or undermine the contract—and that Sanders' Declaration cannot create a material question of fact by directly contradicting his prior deposition testimony. *See Kennedy v Allied Mut. Ins*. Co., 952 F.2d 262, 266 (9th Cir. 1991).

In that testimony, Sanders admitted that *Teras hired Ayacol*. *See* Dkt. #s 24-6; 27. Sanders and Teras concede that the work was done and that Teras did not pay.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial.

*Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

Ayacol has met its burden of establishing the contract and its terms, and its breach by Defendant Teras. The Motion for Summary Judgment is **GRANTED** on Plaintiff Ayacol's breach of contract claim[1], and Ayacol is entitled to judgment as a matter of law for the principal amount ($95,108) plus interest, cost, and attorneys' fees.

Ayacol shall submit a motion for fees and costs within ten days, along with a proposed form of Judgment reflecting the principal and interest calculations (along with a calculation of the interest *per day*, so that the Court can enter an accurate judgment when it determines the reasonable attorneys' fee). Teras shall respond to the Motion for fees within ten days of the filing of that motion.

The Motion for Relief from Mediation Requirement [Dkt. # 29] is DENIED as moot.

IT IS SO ORDERED.

Dated this 7th day of December, 2017.

／s／ Ronald B. Leighton
Ronald B. Leighton
United States District Judge

---

[1] Ayacol's alternate, unjust enrichment claim is unnecessary in light of this determination.